UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUAN CARLOS AMARAL GONZALEZ | * | CASE NUMBER: _____ |
| | * | |
| VERSUS | * | |
| | * | |
| JIM TUTEN, | * | |
| *individually and in his capacity as an employee* | * | |
| *of the Sheriff of Lincoln Parish as Commander* | * | |
| *of the Lincoln Parish Detention Center;* | * | |
| | * | |
| and | * | |
| | * | |
| Mike Stone, | * | |
| *in his official capacity as Sheriff of Lincoln Parish* | * | |
| | * | |

COMPLAINT

NOW INTO COURT, through undersigned counsel, comes JUAN CARLOS AMARAL

GONZALEZ ("PLAINTIFF"), a resident and domiciliary of Mexico, who petitions this court as

follows:

1.

Made DEFENDANTS herein are:

a.    MIKE STONE, in his capacity as Sheriff of Lincoln Parish, Louisiana ("SHERIFF OF

LINCOLN PARISH"), a major resident of and domiciliary of Lincoln Parish, Louisiana; and

b.    JIM TUTEN, a major resident and domiciliary of Lincoln Parish, individually and in his

capacity as an employee of the SHERIFF OF LINCOLN PARISH as Operations Commander of

the Lincoln Parish Detention Center.

JURISDICTION AND VENUE

2.

DEFENDANTS were served with an administrative claim pursuant to the FTCA and/or CGTCA on or around May 9, 2018. PLAINTIFF received a response wherein the claim was denied.

3.

This Court has subject matter jurisdiction under 28 U.S.C. § 1343, because the cause of action in this matter involves the deprivation of civil rights; 28 U.S.C. §1331 because this cause of action involves a federal question; and 28 U.S.C. §1367(a) because all of the claims in this matter arise from a common nucleus of operative facts that are so intertwined that they cannot be reasonably separated.

4.

This Court is a court of proper venue pursuant to 28 U.S.C. 1391, because this Court is a judicial district in which both DEFENDANTS reside, both DEFENDANTS are residents of Louisiana, the State in which this Court is located, and it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

5.

That the above-named DEFENDANTS are liable unto PLAINTIFF for general and special damages, together with legal interest thereon, from the date of judicial demand until paid, and for all costs of these proceedings, including a reasonable attorney's fee as part of the costs be assessed to DEFENDANTS pursuant to 42 U.S.C. §1988(b), based upon the following, to wit:

6.

PLAINTIFF was arrested for suspicion of first offense driving while intoxicated on April 22, 2018 by a deputy for the SHERIFF OF LINCOLN PARISH.

7.

PLAINTIFF was booked at the Lincoln Parish Detention Center, a facility operated by the SHERIFF OF LINCOLN PARISH.

8.

PLAINTIFF's bail was set at $1,500.00.

9.

On April 23, 2018, at or about 10:00 a.m., bail was posted on behalf of the PLAINTIFF.

10.

PLAINTIFF was given a receipt signed by Jeremy Atkins, deputy with the SHERIFF OF LINCOLN PARISH, dated April 23, 2018 as having received $1,500 from Anthony Yakaboski designated as "bond for driving while intoxicated 1st" on behalf of PLAINTIFF.

11.

PLAINTIFF's personal effects were returned to PLAINTIFF and PLAINTIFF was allowed by law enforcement officers employed by the SHERIFF OF LINCOLN PARISH to leave the Lincoln Parish Detention Center.

12.

PLAINTIFF left the Lincoln Parish Detention Center accompanied by PLAINTIFF's employer.

13.

After PLAINTIFF was released from the custody of the SHERIFF OF LINCOLN PARISH and the Lincoln Parish Detention Center, a law enforcement officer employed by the SHERIFF OF LINCOLN PARISH and working at the Lincoln Parish Detention Center instructed PLAINTIFF to return to the Lincoln Parish Detention Center for the stated reason that the officer forgot to give PLAINTIFF a notice of his court date.

14.

When PLAINTIFF returned to the Lincoln Parish Detention Center to receive his court notice, PLAINTIFF was for the first time told by a law enforcement officer employed by the SHERIFF OF LINCOLN PARISH at the Lincoln Parish Detention Center that an immigration detainer had been lodged against PLAINTIFF.

15.

An immigration detainer, which is issued by the Department of Homeland Security ("DHS"), is an instrument used by U.S. Immigration and Customs Enforcement ("ICE") and DHS officials when the agency identifies potentially deportable individuals who are already held in custody by local law enforcement agencies.

16.

An immigration detainer is an administrative notice, not a warrant or a judicial order.

17.

An immigration detainer does not establish federal custody by DHS or any other agency over the subject of the immigration detainer.

18.

Immigration detainers are issued in writing, and state explicitly that local law enforcement is requested to *maintain* custody of the subject of an immigration detainer. Immigration detainers do not authorize local law enforcement to *obtain* custody of the subject of an immigration detainer.

19.

Immigration detainers do not give local law enforcement agencies the authority to arrest a person even if an immigration detainer has been lodged against the person by DHS.

20.

After PLAINTIFF posted bail on the state criminal charge and was released from the custody of DEFENDANTS, DEFENDANTS did not have probable cause to arrest, to obtain custody, or to imprison PLAINTIFF based on a violation of any state or local law.

21.

A law enforcement officer employed by the SHERIFF OF LINCOLN PARISH at the Lincoln Parish Detention Center arrested PLAINTIFF a second time.

22.

The second arrest of PLAINTIFF made by the law enforcement officer employed by the SHERIFF OF LINCOLN PARISH at the Lincoln Parish Detention Center was based solely on an immigration detainer lodged against PLAINTIFF and was not authorized by statute and was unconstitutional.

THE CONTINUED DETENTION OF PLAINTIFF BASED SOLELY ON AN IMMIGRATION
DETAINER LODGED BY DHS THAT WAS NOT IN EFFECT WAS NOT AUTHORIZED
BY STATUTE AND WAS UNCONSTITUTIONAL

23.

The immigration detainer lodged by DHS against the PLAINTIFF instructed the

DEFENDANTS as follows:

"The alien must be served with a copy of this form for the detainer to take effect."

24.

PLAINTIFF was not served with the detainer on April 23, 2018 at the time of his second

arrest, which was based solely on an immigration detainer lodged against PLAINTIFF.

25.

PLAINTIFF did not receive a copy of the immigration detainer until April 25, 2018 at

approximately 11:00 a.m.

26.

By the explicit terms of the immigration detainer, the earliest the immigration detainer

could possibly have taken effect was 11:00 a.m. on April 25, 2018.

27.

DEFENDANTS maintained custody over PLAINTIFF from April 23, 2018 at 10:00 p.m. until

after April 25, 2018 based solely on an immigration detainer lodged against PLAINTIFF that was

not effect.

28.

The continued detention of PLAINTIFF based solely on an immigration detainer lodged by

DHS that was not in effect was not authorized by statute and was unconstitutional.

THE CONTINUED DETENTION OF THE PLAINTIFF AFTER HIS SECOND ARREST (AN
ARREST ILLEGALLY AND UNCONSTITUTIONALLY BASED SOLELY ON AN
IMMIGRATION DETAINER AND THAT WAS NOT SERVED ON PLAINTIFF) WITHOUT
ALLOWING PLAINTIFF TO MAKE BAIL WAS NOT AUTHORIZED BY STATUTE AND
WAS UNCONSTITUTIONAL

29.

After PLAINTIFF was illegally arrested by a law enforcement officer employed by the

SHERIFF OF LINCOLN PARISH at the Lincoln Parish Detention Center, said law enforcement officer

counseled PLAINTIFF that PLAINTIFF could not post bail until his "immigration hold had been

cleared."

30.

The immigration detainer lodged against PLAINTIFF explicitly provided that the

immigration detainer "arises from DHS authorities and should not impact decisions about the

alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter

assignments, or other matters." [Emphasis added]

31.

After informing PLAINTIFF that PLAINTIFF could not post bail for the driving while

intoxicated charge, the law enforcement officer employed by the SHERIFF OF LINCOLN PARISH at

the Lincoln Parish Detention Center returned the bail money paid on behalf of PLAINTIFF.

32.

On April 24, 2018, bail was posted a second time on behalf of the PLAINTIFF.

33.

PLAINTIFF was given a receipt signed by Merritt, deputy with the SHERIFF OF LINCOLN

PARISH, dated April 24, 2018 as having received $1,500 designated as "Cash Bond – Juan

Gonzalez".

34.

At the time the second bond was posted on behalf of PLAINTIFF, the detainer was still not

in effect because PLAINTIFF had not been served with the immigration detainer.

35.

DEFENDANTS refused to release PLAINTIFF from custody after posting bail a second time.

36.

DEFENDANTS kept PLAINTIFF incarcerated at the Lincoln Parish Detention Center until

approximately April 26, 2018 at approximately 9:00 a.m.

37.

The continued detention of the PLAINTIFF after his second arrest (an arrest illegally and

unconstitutionally based solely on an immigration detainer and that was not served on

PLAINTIFF) without allowing PLAINTIFF to make bail was not authorized by statute and was

unconstitutional.

IN THE ALTERNATIVE, EVEN IF THE DETAINER WERE IN EFFECT WHEN PLAINTIFF
WAS ARRESTED ON APRIL 23, 2018, PLAINTIFF WAS ILLEGALLY HELD BEYOND
THE TIME AUTHORIZED BY THE IMMIGRATION DETAINER

38.

The immigration detainer issued by DHS contained the following instructions to the

DEFENDANTS:

"Maintain custody of the alien for a period NOT TO EXCEED 48 HOURS beyond the
time when he/she would otherwise have been released from your custody to allow DHS
to assume custody."

39.

When PLAINTIFF posted bail at approximately 10:00 p.m. on April 23, 2018,

DEFENDANTS would otherwise have released PLAINTIFF from the custody of DEFENDANTS if not

for the immigration detainer lodged against PLAINTIFF.

40.

The maximum time DEFENDANTS could hold PLAINTIFF under the terms of the

immigration detainer after PLAINTIFF was released on bail was 48 hours.

41.

The immigration detainer instructed DEFENDANTS to maintain custody of PLAINTIFF. The

DEFENDANTS were not authorized by the immigration detainer to obtain custody of PLAINTIFF.

42.

After PLAINTIFF was released on bail, DEFENDANTS illegally and unconstitutionally

obtained custody of PLAINTIFF by arresting PLAINTIFF a second time based solely on the

immigration detainer lodged against PLAINTIFF.

43.

The law enforcement officers employed by the SHERIFF OF LINCOLN PARISH at the

Lincoln Parish Detention Center made the second arrest of PLAINTIFF that was based solely on

the immigration detainer at approximately 10:00 p.m. on April 23, 2018.

44.

As a result of the illegal and unconstitutional arrest by DEFENDANTS, DEFENDANTS began

to maintain custody of PLAINTIFF at approximately 10:00 p.m. on April 23, 2018, based solely on

the immigration detainer lodged against PLAINTIFF.

45.

Under the explicit terms of the immigration detainer lodged against PLAINTIFF,

DEFENDANTS were to release PLAINTIFF by April 25, 2018 at 10:00 p.m.

46.

DHS did not assume custody of PLAINTIFF by 10:00 p.m. on April 25, 2018.

47.

DEFENDANTS did not release PLAINTIFF by 10:00 p.m., April 25, 2018.

48.

The continued custody of the PLAINTIFF by DEFENDANTS beyond 10:00 p.m., April 25,

2018, was not authorized by the immigration detainer lodged against PLAINTIFF.

49.

The continued custody of the PLAINTIFF by DEFENDANTS beyond 10:00 p.m., April 25,

2018, was not authorized by statute and was unconstitutional.

### DEFENDANTS DENIED PLAINTIFF'S REQUEST TO BE RELEASED AFTER HE HAD BEEN INCARCERATED FOR OVER 48 HOURS AFTER POSTING BAIL

50.

The immigration detainer lodged against PLAINTIFF provides a Notice to the Detainee,

which includes the following:

> "DHS has requested that the law enforcement agency that is currently detaining you maintain custody of you for a period not to exceed 48 hours beyond the time when you would have been released based on your criminal charges or convictions. If DHS does not take you into custody during this additional 48 hour [sic] period, you should contact your custodian (the agency that is holding you now) to inquire about your release."

51.

PLAINTIFF remained in custody of DEFENDANTS in excess of 48 hours beyond the time

when PLAINTIFF would have been released based on his criminal charges.

52.

After PLAINTIFF remained in custody at the Lincoln Parish Detention Center in excess of 48 hours after he had posted bail on his local charges, a telephone call, authorized by PLAINTIFF and made on PLAINTIFF 's behalf, was made directly to DEFENDANT, JIM TUTEN, Commander of the Lincoln Parish Detention Center to inquire about PLAINTIFF's release.

53.

DEFENDANT, JIM TUTEN, denied PLAINTIFF's request for release, arguing DEFENDANTS did not receive clearance from DHS or ICE to release the PLAINTIFF.

54.

DEFENDANT, JIM TUTEN, was put on notice that the clear terms of the immigration detainer did not authorize DEFENDANTS to continue to maintain custody of PLAINTIFF.

55.

When the inquirer made a request that DEFENDANT, JIM TUTEN, state his authority to continue to maintain custody of PLAINTIFF, DEFENDANT, JIM TUTEN hung up the phone on the inquirer.

56.

DEFENDANTS continued to keep PLAINTIFF in custody at the Lincoln Parish Detention Center, despite having been put on notice that DEFENDANTS were illegally and unconstitutionally imprisoning PLAINTIFF.

57.

DEFENDANTS did not provide PLAINTIFF an opportunity to question the legitimacy of his continued unlawful detention and was never provided the opportunity to challenge the unlawful and unconstitutional arrest and detention made by DEFENDANTS.

58.

PLAINTIFF remained in custody of DEFENDANTS at the Lincoln Parish Detention Center until April 26, 2018 at approximately 9:00 a.m., which was approximately 72 hours after PLAINTIFF was first released on bail for the state driving while intoxicated charge.

59.

Because of the DEFENDANTS' unlawful actions, PLAINTIFF has suffered loss of income, loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, and other non-economic losses in an amount to be determined at trial.

BASIS FOR RELIEF

*Fourteenth Amendment (Due Process): 42 U.S.C. §1983*

60.

Without any basis in state law, DEFENDANTS arrested and held PLAINTIFF after the PLAINTIFF had been released on bail, and DEFENDANTS denied PLAINTIFF the opportunity to be released on bail once he was taken back into custody, thus depriving PLAINTIFF of his liberty without the due process of law.

*Fourth Amendment (Unlawful Arrest): 42 U.S.C. §1983*

61.

DEFENDANTS released the PLAINTIFF on bail on the morning of April 23, 2018 but arrested, reclaimed custody of, and held the PLAINTIFF without bail and without any basis in state law and solely on the basis of the immigration detainer, thus depriving PLAINTIFF of his liberty.

*False Imprisonment: LA Rev Stat §14:46*

62.

When DEFENDANTS arrested PLAINTIFF after he was released on bail on the morning of April 23, 2018 solely to hold the PLAINTIFF pursuant to the detainer issued by DHS, the DEFENDANTS imprisoned PLAINTIFF without probable cause and without legal authority under Louisiana law.

DAMAGES

63.

As a result of DEFENDANTS falsely imprisoning PLAINTIFF, PLAINTIFF has suffered loss of income, loss of liberty, loss of enjoyment of life, humiliation, mental suffering, emotional distress, and other non-economic losses in an amount reasonable on the premises to be determined at trial.

64.

PLAINTIFF requests that a reasonable attorney's fee as part of the costs be assessed to the DEFENDANT pursuant to 42 U.S.C. §1988(b).

WHEREFORE, PLAINTIFF prays:

1. that DEFENDANT, MIKE STONE, in his capacity as SHERIFF OF LINCOLN PARISH, Louisiana, and DEFENDANT, JIM TUTEN, individually and in his capacity as an employee of the SHERIFF OF LINCOLN PARISH as Operations commander of the Lincoln Parish Detention Center, be served with a copy of this complaint and be cited to answer same;

2. that after all due proceedings are had, there be judgment herein in favor of PLAINTIFF and against DEFENDANTS, for all general and special damages sustained by the PLAINTIFF, plus legal interest from the date of judicial demand; and

3. for all costs of this proceeding, including a reasonable attorney's fee as part of the costs be assessed to DEFENDANTS pursuant to 42 U.S.C. § 1988(b); and for any further relief as equity and the cause may require.

Respectfully submitted,

/s/ James M. Wilkerson
James M. Wilkerson   #19214
207 West Mississippi Avenue, Ste. 200
Ruston, Louisiana 71270
Telephone: (318) 255-9299
E-mail: jmwilkerson@gmail.com

Attorney for PLAINTIFF

PLEASE SERVE:

SHERIFF MIKE STONE
161 Road Camp Rd.
Ruston, LA 71270

JIM TUTEN
161 Road Camp Rd.
Ruston, LA 71270