UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **JUAN CARLOS AMALAR GONZALEZ** | **CIVIL ACTION NO. 3:19-0520** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **JIM TUTEN, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment [Doc. No. 15] filed by Plaintiff Juan Carlos Amaral Gonzalez ("Gonzalez"). An Opposition [Doc. No. 17] was filed on January 25, 2021, and a Reply [Doc. No. 18] was filed on February 4, 2021.

For the reasons set forth herein, Gonzalez's Motion for Partial Summary Judgment is DENIED.

**A.  Background**

On April 23, 2019, Gonzalez filed a Complaint [Doc. No. 1] against Mike Stone ("Stone"), in his official capacity as the former Lincoln Parish Sheriff, and against Jim Tuten ("Tuten"), individually and in his official capacity as Operations Commander of the Lincoln Parish Detention Center ("LPDC"), for alleged wrongful arrest and detention.

The uncontested facts are that on April 22, 2018, Gonzalez was arrested for driving while intoxicated in Lincoln Parish and booked into the LPDC. On the morning of April 23, 2018, Gonzalez's employer, Albin Yakaboski ("Yakaboski") posted bond for Gonzalez.

The facts then differ to some extent. Gonzalez maintains he was released from custody, while Stone and Tuten maintain Gonzalez was being processed out of the LPDC and had been

allowed to leave the building, but was still in custody, as he had not left the secure perimeter and his release had not been finalized.

Gonzalez was called back into the building to be given notice of his court date for the pending DWI charge. Stone and Tuten maintain that while in the process of issuing Gonzalez a court notice, LPDC employees discovered that they had received by facsimile an Immigration Detainer and a Homeland Security Warrant for Gonzalez. Yakaboski was given a refund of the amount he had paid for Gonzalez's bond, and Gonzalez was again detained by the LPDC.

On April 24, 2018, Yakaboski returned to the LPDC and again posted bond on Gonzalez's DWI charge. On April 26, 2018, U.S. Immigration and Customs Enforcement ("ICE") took custody of Gonzalez.

**B.     Law and Analysis**

Gonzalez argues he was wrongfully re-arrested on the Immigration Detainer and Homeland Security Warrant and illegally detained. Gonzalez further argues Stone and Tuten did not have authority to arrest him for violation of the immigration laws of the United States because only ICE officials have the authority to make that arrest.

Stone and Tuten maintain that they had the authority to detain Gonzalez based upon the Immigration Detainer and Homeland Security Warrant. Stone and Tuten additionally argue that Tuten is entitled to qualified immunity on the individual capacity claim against him and that Gonzalez has not shown an official capacity claim against either Stone or Tuten.

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*  "The court need consider only the cited materials, but it may consider other materials in the record."  FED. R. CIV. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).  While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).  To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added).  "'If the evidence is merely colorable, or is not significantly probative,'

3

summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### 1. Custody and LPDC Authority

Gonzalez's Motion for Partial Summary Judgment should be denied for the simple reason that there is a material issue of fact as whether Gonzalez was "out of custody" at the time his detention was effected. Whether Gonzalez's release from custody was fully effective at the time he was called back into the LPDC building is a material issue of fact that the factfinder must determine.

Additionally, Gonzalez's argument that the LPDC officials had no authority to arrest him on violation of immigration laws is incorrect. The case cited by Gonzalez as authority is *Arizona v. United States,* 567 U.S. 387 (2012). *Arizona v. United States* only stands for the proposition that state officers do not have the power to unilaterally make removability determination "absent federal direction." *Id*. at 387. *See also City of El Cenizo, Texas v. Texas*, 890 F.3d 164, 188 (5th Cir. 2018) clarifying that *Arizona v. United States* dealt with removability determinations which were absent federal direction and upholding the detention where ICE provided the relevant state official or agency with an administrative warrant and a detainer that evidenced probable cause.

Stone, Tuten, and the LPDC employees based the continued detention of Gonzalez on ICE's Immigration Detainer and Homeland Security Warrant. Gonzalez's custody was not unlawful.

### 2. Official Capacity Claims

Gonzalez makes official capacity claims against both Stone and Tuten.[1] To establish liability, it is Plaintiff's burden to identify conduct properly attributable to the government entity itself by showing proof of (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Davis v. Tarrant County, Texas*, 565 F3d 214, 227 (5th Cir. 2005).

Defendants concede that Stone, as Sheriff, is a policymaker but argue that Gonzalez has not shown that there was an official policy, or that such policy was the moving force behind a violation of constitutional rights. This Court agrees.

Gonzalez has not provided specific evidence of a specific policy or custom. *See Colle v. Brazos County, Texas* 981 F.2d 237, 245 (5th Cir. 1993). Plaintiff has failed to identify any policy, so without a policy identified, Gonzalez cannot prove a violation of constitutional rights, whose "moving force" is the policy or custom.

### 3. Qualified Immunity

Tuten was also sued by Gonzalez in his individual capacity. Tuten maintains he is entitled to qualified immunity. This Court agrees.

The doctrine of qualified immunity protects government officials in their individual capacities from liability for civil damages as long as the defendant's conduct does not violate

---

[1] An individual capacity claim is also made against Tuten.

clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The qualified immunity defense has two prongs: (1) whether an official's conduct violated a constitutional right of the plaintiff, and (2) whether the right was clearly established at the time of the violation such that an officer would know that what he was doing violated that right. *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

For the reasons set forth previously herein, Tuten did not violate Gonzalez's constitutional rights since the basis of the detention was an Immigration Detainer and Homeland Security Warrant. The law is at least unclear enough to protect Tuten from violating a clearly established constitutional right.

**C.     Conclusion**

For the reasons set forth herein, Gonzalez's Motion for Partial Summary Judgment [Doc. No. 15] is DENIED.

Since it appears that both Stone and Tuten are entitled to summary judgment dismissing Gonzalez's claims against them, this Court gives notice of its intent to sua sponte grant summary judgment dismissing Gonzalez's federal claims. Any objection shall be filed within 15 days of this ruling.

Any state law claims remain pending.

MONROE, LOUISIANA this 5th day of February, 2021.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE